UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YEHIA HAMDY,

                Plaintiff,

                                                  ORDER
       v.                                    00-CV-0708A

COUNTY OF NIAGARA, et. al,

                Defendants.

---

Upon review of the Second Amended Complaint, the Court notes that the plaintiff alleges four claims: (1) retaliation under Title VII; (2) retaliation under the New York State Human Rights Law; (3) a claim to hold defendants Beilein and Muscarella individually liable under § 296(6) of the New York State Human Rights Law; and (4) a state law breach of contract claim based upon the defendants' alleged breach of a settlement agreement.

With regard to the retaliation claims, plaintiff alleges that the defendants retaliated against him for filing employment discrimination claims. With regard to the plaintiff's breach of contract claim, the plaintiff alleges that the defendants breached a 1995 settlement agreement by "taking adverse action against him and disciplining him on false and

fraudulent charges without first having a hearing and thereby causing him to eventually resign his position." See Second Amended Compl., at ¶ 27. He also alleges that the defendants breached a 1997 settlement agreement by failing to print a retraction in the newspaper as was allegedly agreed to. Id.

As to claim for breach of a 1997 settlement agreement, Magistrate Judge Bianchini issued a November 2003 report and recommendation recommending dismissal of that claim. This Court adopted that part of Magistrate Judge Bianchini's report and recommendation and dismissed that claim. The court finds not basis for permitting the plaintiff to resurrect his previously dismissed allegations for breach of a 1997 settlement agreement.

With regard to the plaintiff's claim for breach of the 1995 settlement agreement, the plaintiff alleges that he withdrew his 1994 discrimination claims in exchange for the defendant's promise not to retaliate or take any adverse action against him. The plaintiff alleges that after he withdrew his 1994 discrimination charges, the defendants breached the settlement agreement by suspending him and bringing disciplinary charges against him without cause.

In essence, the plaintiff's breach of contract claim is merely a

restated claim of retaliation. The central issue in that claim (as in the retaliation claims) is whether the defendants took adverse action against him because of his earlier discrimination charges. The duty allegedly breached in each of the claims is the duty to not retaliate against one who files a discrimination claim. If the plaintiff succeeds on his retaliation claims (Claims 1 and 2 of his Second Amended Complaint), then he necessarily succeeds on his breach of contract claim (Claim 4). Conversely, if the plaintiff does not succeed on his retaliation claim, then he cannot succeed on his breach of contract claim. Furthermore, in terms of the damages sought by the plaintiff, the plaintiff has nothing to gain by pursuing a breach of contract claim in addition to his retaliation claim. That is, the damages sought under his breach of contract claim are essentially the same as the damages sough under his retaliation claims. In fact, plaintiff's damages under his retaliation claims are actually more expansive than the permissible damages under his breach of contract claim because he cannot recover damages for emotional harm under his breach of contract claim.

Because the plaintiff's breach of contract claim is duplicative of his retaliation claims and affords him no greater relief than he would get under those claims, the Court declines to exercise supplemental jurisdiction over

the breach of contract claim at this juncture.  It would be cumulative, a waste of time and too confusing to submit essentially the same claim to the jury based upon two different theories.  Accordingly, the Court will not submit the breach of contract claim (Claim 4 of the Second Amended Complaint) to the jury.  See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc. 241 F. Supp. 2d 1123, 1147 and n.13 (D. Kan. 2002) (dismissing claim alleging breach of employment agreement as duplicative of retaliation claim); see also Curtis v. Citibank, N.A., 226 F.3d 133, 198-39 (2d Cir. 2000) (recognizing that district courts have the power to dismiss duplicative suits because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time"); Oparaji v. New York City Dept. of Educ., 172 Fed. Appx. 352, 355, 2006 WL 522364, *1 (2d Cir. 2006) (unpublished decision) (upholding dismissal of breach of contract claim as duplicative of legal malpractice claim).[1]

---

[1] Although these cases support the Court's authority to dismiss the breach of contract claim with prejudice, the Court will simply decline to exercise supplemental jurisdiction over that state law claim.

SO ORDERED.

s/ *Richard J. Arcara*

HONORABLE RICHARD J. ARCARA

CHIEF JUDGE

UNITED STATES DISTRICT COURT

DATED: January 30, 2007